1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEVON KEITH WEBB,                      No.  2:25-cv-2043 DJC AC PS

12              Plaintiff,

13        v.                                 ORDER

14    USHIP, GODADDY, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19   pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C.

20   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.  However, the

21   complaint cannot be served at this time because plaintiff does not have standing, is not the real

22   party in interest, and cannot represent a business entity in pro se.

23                              **I.  Screening**

24        A.    Legal Standard

25        The federal IFP statute requires federal courts to dismiss a case if the action is legally

26   "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

28   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

                                         1

1    Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

2    (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

3    baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

4    (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

5    Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

6    1037 (2011).

7         The court applies the same rules of construction in determining whether the complaint

8    states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

9    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

10   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

11   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

12   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

13   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

14   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

15   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

16   556 U.S. 662, 678 (2009).

17        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

18   state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

19   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

21   678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

22   to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

23   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

24   Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

25        B.  The Complaint

26        Plaintiff brings this action in his own name, stating that he is the owner of ACSD

27   Deliveries, LLC, a company engaged in shipping and logistics within California.  ECF No. 1 at 2.

28   Defendant Uship is an online shipping marketplace.  Plaintiff alleges that Uship unlawfully

2

1    "attached its site" to ACSD Deliveries, causing a diversion of business.  Id.  Defendant GoDaddy

2    provides website services and hosts ACSD Deliveries' website.  Id.  GoDaddy changed the

3    primary language on ACSD Deliveries' website to Spanish without authorization, impacting

4    business operations.  Id.  Plaintiff further alleges that he has discovered billing errors on Bills of

5    Landing issued by Uship that misrepresent ACSD's address, despite confirmation from the

6    California Highway Patrol that ACSD's business address has not been changed.  Id.

7    Additionally, Uship's lax registration process has resulted in double bookings and unauthorized

8    shipments, leading plaintiff's business to incur financial losses.  Id.  Plaintiff sues defendants for

9    Business Identity Misappropriation, Fraudulent Business Practices, Negligence, and Interference

10   with Prospective Economic Advantage.  Id.

11          C.  Analysis

12          The complaint must be dismissed because it is clear from the pleadings that plaintiff lacks

13   standing, is not the real party in interest, and cannot bring this case as a pro se litigant.  Further,

14   the complaint as drafted does not state a claim for relief.

15               1.  Standing and Related Matters

16          First, although plaintiff names himself individually as the plaintiff, all of the allegations in

17   the complaint relate to actions defendants took with respect to the corporate entity ACSD

18   Deliveries, LLC.  Whether "a party has standing to sue under Article III is a threshold issue that

19   must be addressed before turning to the merits of a case."  Shulman v. Kaplan, 58 F.4th 404, 407

20   (9th Cir. 2023).  At the pleading stage, a plaintiff must establish standing by showing "(1) an

21   injury in fact that is concrete and particularized and actual or imminent, (2) a causal connection

22   between the injury and the defendant's conduct, and (3) a likelihood that the injury will be

23   redressed by a favorable decision."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102

24   (1998).  "Generally, a shareholder does not have standing to redress an injury to the corporation."

25   Shell Petroleum, N.V v. Graves, 709 F.2d 593, 595 (9th Cir. 1983); see also CF Gainesville Inv'r,

26   LLC v. Astronergy Solar Inc., No. 2:21-cv-02654-CAS-RAOx, 2022 U.S. Dist. LEXIS 20520,

27   2022 WL 1422810, at *4 (C.D. Cal. Jan. 10, 2022) (dismissing claims for lack of Article III

28   standing where sole member of LLC sought to recover for injuries suffered by subsidiaries,

3

1    emphasizing that LLC members lack standing to assert individual claims based on harm to the

2    entity).

3        Plaintiff's complaint states that his company, a limited liability corporation ("LLC"),

4    sustained losses due to defendants' actions taken in relation to the LLC's website and business

5    activities.  It is clear from the facts alleged that "the gravamen of the complaint is injury to an

6    LLC's property, [and accordingly,] the right of action lies with the LLC, not the individual

7    [plaintiff]."  Sinclair v. Fox Hollow of Turlock Owners Ass'n, No. 1:03-cv-05439-OWW, 2011

8    U.S. Dist. LEXIS 63250, 2011 WL 2433289, at *4 (E.D. Cal. June 13, 2011).  Further, all of the

9    alleged facts have to do with interactions between defendants and ACSD.  Because each

10   interaction and injury alleged belongs to ACSD Deliveries, LLC, plaintiff does not have standing

11   to bring this action in his own name, even if he is the owner or sole shareholder of the business.

12       Second, the Federal Rules of Civil Procedure require that a complaint be brought and

13   signed by the "real party in interest," meaning the person who actually holds the claims in

14   question.  Fed. R. Civ. P. 17(a)(1).  "Even if a plaintiff purports to be injured by fraud or

15   misconduct, they may not pursue claims that legally belong to a separate entity, including an

16   LLC."  Kenney v. Wells Fargo Bank, N.A., No. 2:25-CV-04845-WLH-PD, 2025 WL 2117410, at

17   *2, 2025 U.S. Dist. LEXIS 145739 (C.D. Cal. July 18, 2025).  The court notes that it "may not

18   dismiss an action for failure to prosecute in the name of the real party in interest until, after an

19   objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be

20   substituted into the action."  Fed. R. Civ. P. 17(a)(3).

21       Third, plaintiff cannot represent ACSD Deliveries, LLC; he must obtain a lawyer to do so.

22   The right to represent oneself pro se is personal to the plaintiff as an individual and does not

23   extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also

24   Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona

25   has no authority to represent anyone other than himself.").  Unlicensed laypersons, including the

26   owners of companies, officers of a corporation, partners of a partnership, and members of an

27   association may not represent their entities in pro se.  Rowland v. Cal. Men's Colony, Unit II

28   Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of

                                            4

1  two centuries . . . that a corporation may appear in the federal courts only through licensed

2  counsel . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country

3  Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  In this regard, "the law is clear that a

4  corporation can be represented only by a licensed attorney."  In re Bigelow, 179 F.3d 1164, 1165

5  (9th Cir. 1999).  Accordingly, plaintiff cannot proceed with this case on ACSD Deliveries'

6  behalf.

7              2.   Failure to State a Claim

8         In addition to the reasons outlined above, the complaint must be dismissed because it fails

9  to state a claim upon which relief can be granted.  Plaintiff's first cause of action for "Business

10  Identity Misappropriation" does not identify any statutory or common law basis, and the court is

11  not aware of one.  Accordingly, plaintiff cannot proceed with this cause of action

12         The second cause of action, "Fraudulent Business Practices" is based on California

13  Business and Professions Code § 17200, which states that "unfair competition shall mean and

14  include any unlawful, unfair or fraudulent business act or practice...."  Cal. Bus. & Prof. Code §

15  17200.  An unfair business practice is one that either "offends an established public policy" or is

16  "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  People v.

17  Casa Blanca Convalescent Homes, Inc., 159 Cal.App.3d 509, 530 (1984), abrogated on other

18  grounds Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 186–87 & n.

19  12 (1999).  Plaintiff states under this cause of action that defendants "engaged in deceptive trade

20  practices by misrepresenting Plaintiff's company details and interfering with its operations."  ECF

21  No. 1 at 2.  It is unclear, without more detail, that the relevant facts (Uship misrepresented ACSD

22  Deliveries' address, and subjected it to double bookings and unauthorized shipments) can state a

23  claim against Uship, and there are no relevant facts alleged against GoDaddy.  The facts are

24  insufficient to state a claim upon which relief can be granted.

25         The third cause of action is negligence.  "The elements of a negligence cause of action

26  are: (1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the

27  proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the

28  breach of the duty of care."  Megargee v. Wittman, 550 F.Supp.2d 1190, 1209 (E.D.Cal. 2008).

1    Plaintiff alleges only that defendants "[n]egligently failed to maintain accurate records, leading to

2    financial losses and reputational harm." ECF No. 1 at 2. This information, without more, does

3    not state a viable negligence claim. The complaint lacks factual allegations that establish the

4    existence of a legal duty, breach of that duty, and causation of actual injury, and therefore fails to

5    state a claim.

6          Finally, plaintiff sues for intentional interference with a prospective economic advantage.

7    ECF No. 1 at 2. "Intentional interference with prospective economic advantage has five

8    elements: (1) the existence, between the plaintiff and some third party, of an economic

9    relationship that contains the probability of future economic benefit to the plaintiff; (2) the

10   defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the

11   relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused

12   by the defendant's action. <u>Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.</u>, 2 Cal. 5th

13   505, 512 (2017). Plaintiff asserts in conclusory fashion that defendants committed this tort by

14   redirecting ACSD's customers and altering business information. ECF No. 1 a 2. The alleged

15   facts do not address the elements of knowledge or intent. Accordingly, the complaint as drafted

16   does not state a claim for international interference with a prospective economic advantage.

17         D.   <u>Leave to Amend and Obtain Counsel</u>

18         Rather than immediately recommending that this case be dismissed, the court will give

19   plaintiff an opportunity to obtain counsel and amend the complaint. Any amended complaint

20   asserting claims on behalf of ACSD must be filed by counsel.

21         Should plaintiff believe that he has related claims arising from injury to his own legal

22   rights as an individual rather than those of the LLC, he may file an amended pro se complaint. A

23   pro se amended complaint may not include causes of action arising from injuries to the entity. It

24   must contain a short and plain statement of plaintiff's claims. The allegations of the complaint

25   must be set forth in sequentially numbered paragraphs, with each paragraph number being one

26   greater than the one before, each paragraph having its own number, and no paragraph number

27   being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of

28   circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their

1  complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

2  (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

3      Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

4  narrative and storytelling.  That is, the complaint should not include every detail of what

5  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

6  give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

7  contain only those facts needed to show how the defendant legally wronged the plaintiff.

8      The amended complaint must not force the court and the defendants to guess at what is

9  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

10  (affirming dismissal of a complaint where the district court was "literally guessing as to what

11  facts support the legal claims being asserted against certain defendants").  The amended

12  complaint must not require the court to spend its time "preparing the 'short and plain statement'

13  which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not

14  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

15  what."  Id. at 1179.

16      Also, the amended complaint must not refer to a prior pleading or a separate motion to

17  make plaintiff's amended complaint complete.  Any amended complaint must be complete

18  without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an

19  amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline

20  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

21  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

22  Procedure § 1476, pp. 556 57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

## II.  Pro Se Plaintiff's Summary

26      You are being granted in forma pauperis status and do not have to pay the filing fee.

27  However, your complaint has serious problems that need to be fixed in order for this case to

28  proceed.  Most importantly, you are not the correct plaintiff for the claims you have presented.

1  Only ACSD Deliveries, LLC, can bring a lawsuit alleging injuries to the business, and only a

2  lawyer can file that lawsuit.  If you cannot find an attorney to take this case, the undersigned will

3  recommend that the case be dismissed because a pro se plaintiff cannot bring claims that belong

4  to a business entity.  You have 30 days to have a lawyer file an amended complaint on behalf of

5  the LLC.

6      In the alternative, you may within the 30 day period file a pro se amended complaint

7  asserting only claims involving injury to yourself rather than to your LLC.  It is not clear to the

8  court that any such claims exist given the nature of the business disptue, but you will have the

9  opportunity to file a pro se amended complaint if you think you have claims that are distinct from

10  the claims of the LLC.

11      If you do not submit an amended complaint by the deadline, the undersigned will

12  recommend that the case be dismissed for failure to prosecute.

13                    **III.  Conclusion**

14      The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED.

15  However, the court declines to serve plaintiff's complaint at this time.  Plaintiff may file an

16  amended complaint within 30 days of this order.

17  DATED: September 22, 2025

18  _____
    ALLISON CLAIRE
19  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                    8